**RODDEN RODDEN & BRESLIN**
BY:    **MATTHEW S. BRESLIN, ESQ.**
**I.D. #:    314774**
125 NORTH 20TH STREET
PHILADELPHIA, PA  19103
TELEPHONE:  215-940-2155                          **ATTORNEY FOR PLAINTIFF**

---

**EDWARD AND PATRICIA CAULEY**                :
Individually and as H/W                                 :
81 Pine Street                                             :        2:23-cv-00630-MAK
Mt. Holly, NJ 08060                                      :
                                    -VS.-              :        United States District Court
                                                           :
**THE BALTIMORE AND PHILADELPHIA RAILROAD** :
1717 Arch Street                                         :
Philadelphia, PA 19103                                :
                                                           :
                          -AND-                  :
                                                           :
**CONSOLIDATED RAIL CORPORATION**         :
1717 Arch Street                                         :
Philadelphia, PA 19103                                :
                          -AND-                  :
**CONRAIL SHARED ASSETS**                       :
1717 Arch Street                                         :
Philadelphia, PA 19103                                :
                          -AND-                  :
**CONRAIL, INC.**                                        :
1717 Arch Street                                         :
Philadelphia, PA 19103                                :
                          -AND-                  :
**CSX TRANSPORTATION, INC.**                    :
500 Water Street, 15th Floor                         :
Jacksonville, FL 32202                                :
                          -AND-                  :
**CSX AUTOMOTIVE TERMINAL**                   :
500 Water Street, #4445                              :
Jacksonville, FL 32202                                :
                          -AND-                  :
**JOHN DOE LANDSCAPER**                         :

## CIVIL ACTION AMENDED COMPLAINT

### *N O T I C E*

**You have been sued in court**. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fall to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GEL LEGAL HELP.**

Lawyers Reference Service
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

### *A V I S O*

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en la paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y las notificacion. Hace falta asentar una comparesencia escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandante y requiere que usted cumpla contodas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUMENTRA   ESCRITA   ABAJO   PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Servicio de Referencia Legal
Uno Reading Centro
Filadelfia, PA 19107
Telefono: (215) 238-6333
TTY (215) 451-6197

1.      Plaintiff, Edward Cauley, is an adult individual who resides at the captioned address.

2.      Defendant The Baltimore & Philadelphia Railroad Company is a corporation and/or business for profit, operating within the laws of the Commonwealth of Pennsylvania and regularly conducts business in Philadelphia and, at all  times material hereto, did own, maintain, control, manage, operate, lease, and/or rent a property located at 329 Bethel Avenue, Upper Chichester, PA.

3.      Defendant Consolidated Rail Corporation is a corporation and/or business for profit, operating within the laws of the Commonwealth of Pennsylvania and regularly conducts business in Philadelphia and, at all times material hereto, did own, maintain, control, manage, operate, lease, and/or rent a property located at 329 Bethel Avenue, Upper Chichester, PA.

4.      Defendant Conrail Shared Assets is a corporation and/or business for profit, operating within the laws of the Commonwealth of Pennsylvania and regularly conducts business in Philadelphia and, at all  times material hereto, did own, maintain, control, manage, operate, lease, and/or rent a property located at 329 Bethel Avenue, Upper Chichester, PA.

5.      Defendant CSX Transportation, Inc. is a corporation and/or business for profit, operating within the laws of the Commonwealth of Pennsylvania and regularly conducts business in Philadelphia and, at all times material hereto, did own, maintain, control, manage, operate, lease, and/or rent a property located at 329 Bethel Avenue, Upper Chichester, PA.

6.      Defendant CSX Automotive Terminal is a corporation and/or business for profit, operating within the laws of the Commonwealth of Pennsylvania and regularly conducts business in Philadelphia and, at all  times material hereto, did own, maintain, control, manage, operate, lease, and/or rent a property located at 329 Bethel Avenue, Upper Chichester, PA.

7.      Defendant, John Doe Landscaper., is a corporation, company and/or business for profit, operating within the laws of the Commonwealth of Pennsylvania and regularly conducts business in

Philadelphia, at all times material hereto, did have a contract to provide services including but not limited to snow and ice removal at the property where this incident took place. Defendant was responsible for snow and ice removal, management, remediation, and prevention at that time.

8.      On or about February 23, 2021, Plaintiff slipped and fell to the ground with great force, causing serious injuries described more fully hereinafter, as a result of a dangerous and defective condition in the form of ice and snow that was located on top of a defective, uneven, and unmaintained walking surface on the parking lot of the above-referenced CSX Property. The area of the lot is where trucks were permitted to park. The area was defective sloped, uneven, and created a condition on the walking surface where ice and snow could pool, freeze and re-freeze which caused the development of a slippery condition.

9.      Defendants knew and/or should have known of this dangerous and defective condition in light of its location, legal duty and duty owed to lawful invitees, customers and patrons, such as Plaintiff.

## COUNT I - NEGLIGENCE
## PLAINTIFF, EDWARD CAULEY vs. DEFENDANT, THE BALTIMORE AND PHILADELPHIA RAILROAD

10.      Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

11.      The aforesaid incident was solely and proximately caused by the Defendant, The Baltimore and Philadelphia Railroad, individually, jointly and/or severally, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

    (a)      Failing to maintain said property in a safe condition;

    (b)      Failing to properly inspect and remedy the unsafe condition with notice, actual or constructive, of its dangerous condition;

(c)     Failing to give proper and adequate notice of the defective and dangerous condition;

(d)     Failing to properly salt and/or take steps to remedy snow and ice conditions;

(e)     Permitting said property to remain in a dangerous state and neglect to the prejudice of Plaintiff;

(f)     Disregarding the rights and safety of those persons lawfully on their premises;

(g)     Failing to implement proper maintenance policies and procedures;

(h)     Failing to properly oversee, inspect and/or supervise the maintenance of the premises;

(i)     Failing to implement and assignment and delegation of employee or maintenance entity and/or entities delegated with the duty to maintain, clean and upkeep the area described above as the dangerous condition located in Defendants' property;

(j)     Failing to properly shovel and or/plow resulting in improper runoff and freeze and re freeze conditions;

(k)     Failing to properly hire and oversee snow and ice removal/maintenance professionals;

(l)     Failure to warn;

(m)     Failing to properly clear the walkways and parking lot of ice and snow, creating man made patches of ice;

(n)     Violating landscaping, snow and ice removal industry standards including ANSI/ASCA Al000-2014 System Requirements for Snow and Ice Management Services (Written Snow Industry Standards, first published in 2011 and based on generally accepted practices of the prior decade);

(o)     Violating § 302.3(c) of the Upper Chichester Property Maintenance Code-Responsibility for Removal of Snow and Ice from Common Parking Lots and Access Road/Driveways to Common Lots. All common parking lots and access road/driveways to common lots are required to be clean of snow and/or ice within 24 hours from the cessation of any fall of snow, sleet, or freezing rain. A path is required to be cleared from access road/driveway to common lots a minimum of six feet to allow emergency vehicle access.Failure to implement a snow inspection and removal plan;

(p)     Violating the International Property Maintenance Code, 2012 edition, including Appendix A, as published by the International Code Council, specifically, **302.3 Sidewalks and driveways.**
All sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

(q)     Failure to maintain an even walking surface;

(r)    Failure to properly pave the parking lot surface;

(s)    Failure to inspect the walking surface for defects.

(a)    Solely as a result of the aforementioned occurrence, sustained injuries to his neck, back, head, arms, legs, as well as to the bones, nerves, ligaments connected thereto. Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

12.    Solely as a result of the aforementioned occurrence which caused Plaintiff to slip, trip stumble and fall, Plaintiff was caused to fall onto his back and side resulting in injuries to his neck, back, head, arms, legs, as well as to the bones, nerves, ligaments connected thereto.  He ultimately required spine surgery as a direct result of the negligence of Defendant.  Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

13.    As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

14.    As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Edward Cauley, hereby respectfully requests this Honorable Court to enter judgment against Defendant, Consolidated Rail Corporation jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and such other relief as this Honorable Court may deem just and appropriate.

<u>**COUNT II - NEGLIGENCE**</u>
<u>**PLAINTIFF, EDWARD CAULEY vs. DEFENDANT, CONSOLIDATED RAIL**</u>
<u>**CORPORATION**</u>

15.    Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

16.    The aforesaid incident was solely and proximately caused by the Defendant, Consolidated Rail Corporation, individually, jointly and/or severally, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

    (a)    Failing to maintain said property in a safe condition;

    (b)    Failing to properly inspect and remedy the unsafe condition with notice, actual or constructive, of its dangerous condition;

    (c)    Failing to give proper and adequate notice of the defective and dangerous condition;

    (d)    Failing to properly salt and/or take steps to remedy snow and ice conditions;

    (e)    Permitting said property to remain in a dangerous state and neglect to the prejudice of Plaintiff;

    (f)    Disregarding the rights and safety of those persons lawfully on their premises;

    (g)    Failing to implement proper maintenance policies and procedures;

    (h)    Failing to properly oversee, inspect and/or supervise the maintenance of the premises;

    (i)    Failing to implement an assignment and delegation of employee or maintenance entity and/or entities delegated with the duty to maintain, clean and upkeep the area described above as the dangerous condition located in Defendants' property;

    (j)    Failing to properly shovel and or/plow resulting in improper runoff and freeze and re freeze conditions;

(k)     Failing to properly hire and oversee snow and ice removal/maintenance professionals;

(l)     Failure to warn;

(m)     Failing to properly clear the walkways and parking lot of ice and snow, creating man made patches of ice;

(n)     Violating landscaping, snow and ice removal industry standards including ANSI/ASCA AI000-2014 System Requirements for Snow and Ice Management Services (Written Snow Industry Standards, first published in 2011 and based on generally accepted practices of the prior decade);

(o)     Violating § 302.3(c) of the Upper Chichester Property Maintenance Code-Responsibility for Removal of Snow and Ice from Common Parking Lots and Access Road/Driveways to Common Lots. All common parking lots and access road/driveways to common lots are required to be clean of snow and/or ice within 24 hours from the cessation of any fall of snow, sleet, or freezing rain. A path is required to be cleared from access road/driveway to common lots a minimum of six feet to allow emergency vehicle access.Failure to implement a snow inspection and removal plan;

(p)     Violating the International Property Maintenance Code, 2012 edition, including Appendix A, as published by the International Code Council, specifically, **302.3 Sidewalks and driveways.**
All sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

(q)     Failure to maintain an even walking surface;

(r)     Failure to properly pave the parking lot surface;

(s)     Failure to inspect the walking surface for defects.

(a)     Solely as a result of the aforementioned occurrence, sustained injuries to his neck, back, head, arms, legs, as well as to the bones, nerves, ligaments connected thereto. Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

17.     Solely as a result of the aforementioned occurrence which caused Plaintiff to slip, trip stumble and fall, Plaintiff was caused to fall onto his back and side resulting in injuries to his neck, back, head, arms, legs, as well as to the bones, nerves, ligaments connected thereto.  He ultimately required

spine surgery as a direct result of the negligence of Defendant.  Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

18.     As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

19.     As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Edward Cauley, hereby respectfully requests this Honorable Court to enter judgment against Defendant, Consolidated Rail Corporation. jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and such other relief as this Honorable Court may deem just and appropriate.

### COUNT III - NEGLIGENCE
### PLAINTIFF, EDWARD CAULEY vs. DEFENDANT, CONRAIL SHARED ASSETS

20.     Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

21.    The aforesaid incident was solely and proximately caused by the Defendant, Conrail Shared Assets, individually, jointly and/or severally, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

(a)    Failing to maintain said property in a safe condition;

(b)    Failing to properly inspect and remedy the unsafe condition with notice, actual or constructive, of its dangerous condition;

(c)    Failing to give proper and adequate notice of the defective and dangerous condition;

(d)    Failing to properly salt and/or take steps to remedy snow and ice conditions;

(e)    Permitting said property to remain in a dangerous state and neglect to the prejudice of Plaintiff;

(f)    Disregarding the rights and safety of those persons lawfully on their premises;

(g)    Failing to implement proper maintenance policies and procedures;

(h)    Failing to properly oversee, inspect and/or supervise the maintenance of the premises;

(i)    Failing to implement an assignment and delegation of employee or maintenance entity and/or entities delegated with the duty to maintain, clean and upkeep the area described above as the dangerous condition located in Defendants' property;

(j)    Failing to properly shovel and or/plow resulting in improper runoff and freeze and re freeze conditions;

(k)    Failing to properly hire and oversee snow and ice removal/maintenance professionals;

(l)    Failure to warn;

(m)    Failing to properly clear the walkways and parking lot of ice and snow, creating man made patches of ice;

(n)    Violating landscaping, snow and ice removal industry standards including ANSI/ASCA Al000-2014 System Requirements for Snow and Ice Management Services (Written Snow Industry Standards, first published in 2011 and based on generally accepted practices of the prior decade);

(o)    Violating § 302.3(c) of the Upper Chichester Property Maintenance Code-Responsibility for Removal of Snow and Ice from Common Parking Lots and Access Road/Driveways to Common Lots. All common parking lots and access road/driveways to common lots are required to be clean of snow and/or ice within 24 hours from the cessation of any fall of snow, sleet, or freezing rain. A path is required to be cleared from access road/driveway to common lots a minimum of six feet to allow emergency vehicle access.Failure to implement a snow inspection and removal plan;

(p)    Violating the International Property Maintenance Code, 2012 edition, including Appendix A, as published by the International Code Council, specifically, **302.3 Sidewalks and driveways.**
All sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

(q)    Failure to maintain an even walking surface;

(r)    Failure to properly pave the parking lot surface;

(s)    Failure to inspect the walking surface for defects.

22.    Solely as a result of the aforementioned occurrence which caused Plaintiff to slip, trip stumble and fall, Plaintiff was caused to fall onto his back and side resulting in injuries to his neck, back, head, arms, legs, as well as to the bones, nerves, ligaments connected thereto.  He ultimately required spine surgery as a direct result of the negligence of Defendant.  Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

23.    As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

24.    As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and

agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Edward Cauley, hereby respectfully requests this Honorable Court to enter judgment against Defendant, Consolidated Shared Assets. jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and such other relief as this Honorable Court may deem just and appropriate.

<u>**COUNT IV - NEGLIGENCE**</u>
<u>**PLAINTIFF, EDWARD CAULEY vs. DEFENDANT, CONRAIL INC.**</u>

25.    Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

26.    The aforesaid incident was solely and proximately caused by the Defendant, Conrail, Inc., individually, jointly and/or severally, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

(a)    Failing to maintain said property in a safe condition;

(b)    Failing to properly inspect and remedy the unsafe condition with notice, actual or constructive, of its dangerous condition;

(c)    Failing to give proper and adequate notice of the defective and dangerous condition;

(d)    Failing to properly salt and/or take steps to remedy snow and ice conditions;

(e)    Permitting said property to remain in a dangerous state and neglect to the prejudice of Plaintiff;

(f)    Disregarding the rights and safety of those persons lawfully on their premises;

(g)    Failing to implement proper maintenance policies and procedures;

(h)    Failing to properly oversee, inspect and/or supervise the maintenance of the premises;

(i)      Failing to Implement an assignment and delegation of employee or maintenance entity and/or entities delegated with the duty to maintain, clean and upkeep the area described above as the dangerous condition located in Defendants' property;

(j)      Failing to properly shovel and or/plow resulting in improper runoff and freeze and re freeze conditions;

(k)      Failing to properly hire and oversee snow and ice removal/maintenance professionals;

(l)      Failure to warn;

(m)      Failing to properly clear the walkways and parking lot of ice and snow, creating man made patches of ice;

(n)      Violating landscaping, snow and ice removal industry standards including ANSI/ASCA Al000-2014 System Requirements for Snow and Ice Management Services (Written Snow Industry Standards, first published in 2011 and based on generally accepted practices of the prior decade);

(o)      Violating § 302.3(c) of the Upper Chichester Property Maintenance Code-Responsibility for Removal of Snow and Ice from Common Parking Lots and Access Road/Driveways to Common Lots. All common parking lots and access road/driveways to common lots are required to be clean of snow and/or ice within 24 hours from the cessation of any fall of snow, sleet, or freezing rain. A path is required to be cleared from access road/driveway to common lots a minimum of six feet to allow emergency vehicle access.Failure to implement a snow inspection and removal plan;

(p)      Violating the International Property Maintenance Code, 2012 edition, including Appendix A, as published by the International Code Council, specifically, **302.3 Sidewalks and driveways.**
All sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

(q)      Failure to maintain an even walking surface;

(r)      Failure to properly pave the parking lot surface;

(s)      Failure to inspect the walking surface for defects.

27.    Solely as a result of the aforementioned occurrence which caused Plaintiff to slip, trip stumble and fall, Plaintiff was caused to fall onto his back and side resulting in injuries to his neck, back, head, arms, legs, as well as to the bones, nerves, ligaments connected thereto.  He ultimately required

spine surgery as a direct result of the negligence of Defendant. Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

28. As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

29. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Edward Cauley, hereby respectfully requests this Honorable Court to enter judgment against Defendant, Conrail, Inc. jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and such other relief as this Honorable Court may deem just and appropriate.

## COUNT V- NEGLIGENCE
## PLAINTIFF, EDWARD CAULEY vs. DEFENDANT, CSX TRANSPORTATION, INC.

30. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

31.    The aforesaid incident was solely and proximately caused by the Defendant, CSX Transportation, Inc., individually, jointly and/or severally, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

(a)    Failing to maintain said property in a safe condition;

(b)    Failing to properly inspect and remedy the unsafe condition with notice, actual or constructive, of its dangerous condition;

(c)    Failing to give proper and adequate notice of the defective and dangerous condition;

(d)    Failing to properly salt and/or take steps to remedy snow and ice conditions;

(e)    Permitting said property to remain in a dangerous state and neglect to the prejudice of Plaintiff;

(f)    Disregarding the rights and safety of those persons lawfully on their premises;

(g)    Failing to implement proper maintenance policies and procedures;

(h)    Failing to properly oversee, inspect and/or supervise the maintenance of the premises;

(i)    Failing to implement an assignment and delegation of employee or maintenance entity and/or entities delegated with the duty to maintain, clean and upkeep the area described above as the dangerous condition located in Defendants' property;

(j)    Failing to properly shovel and or/plow resulting in improper runoff and freeze and re freeze conditions;

(k)    Failing to properly hire and oversee snow and ice removal/maintenance professionals;

(l)    Failure to warn;

(m)    Failing to properly clear the walkways and parking lot of ice and snow, creating man made patches of ice;

(n)    Violating landscaping, snow and ice removal industry standards including ANSI/ASCA Al000-2014 System Requirements for Snow and Ice Management Services (Written Snow Industry Standards, first published in 2011 and based on generally accepted practices of the prior decade);

(o)     Violating § 302.3(c) of the Upper Chichester Property Maintenance Code-Responsibility for Removal of Snow and Ice from Common Parking Lots and Access Road/Driveways to Common Lots. All common parking lots and access road/driveways to common lots are required to be clean of snow and/or ice within 24 hours from the cessation of any fall of snow, sleet, or freezing rain. A path is required to be cleared from access road/driveway to common lots a minimum of six feet to allow emergency vehicle access. Failure to implement a snow inspection and removal plan;

(p)     Violating the International Property Maintenance Code, 2012 edition, including Appendix A, as published by the International Code Council, specifically, **302.3 Sidewalks and driveways.**
All sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

(q)     Failure to maintain an even walking surface;

(r)     Failure to properly pave the parking lot surface;

(s)     Failure to inspect the walking surface for defects in the parking lot area.

32.     Solely as a result of the aforementioned occurrence which caused Plaintiff to slip, trip stumble and fall, Plaintiff was caused to fall onto his back and side resulting in injuries to his neck, back, head, arms, legs, as well as to the bones, nerves, ligaments connected thereto.  He ultimately required spine surgery in his lumbar spine as a direct result of the negligence of Defendant as specifically pled in paragraph 31 (a) through (s).  Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

33.     As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

34.     As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and

agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

      **WHEREFORE**, Plaintiff, Edward Cauley, hereby respectfully requests this Honorable Court to enter judgment against Defendant, Conrail Transportation, Inc. jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI - NEGLIGENCE**
**PLAINTIFF, EDWARD CAULEY vs. DEFENDANT, CSX AUTOMOTIVE TERMINAL**

      35.    Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

      36.    The aforesaid incident was solely and proximately caused by the Defendant, CSX Automotive Terminal, individually, jointly and/or severally, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

      (a)    Failing to maintain said property in a safe condition;

      (b)    Failing to properly inspect and remedy the unsafe condition with notice, actual or constructive, of its dangerous condition;

      (c)    Failing to give proper and adequate notice of the defective and dangerous condition;

      (d)    Failing to properly salt and/or take steps to remedy snow and ice conditions;

      (e)    Permitting said property to remain in a dangerous state and neglect to the prejudice of Plaintiff;

      (f)    Disregarding the rights and safety of those persons lawfully on their premises;

      (g)    Failing to implement proper maintenance policies and procedures;

(h)     Failing to properly oversee, inspect and/or supervise the maintenance of the premises;

(i)     Failing to implement an assignment and delegation of employee or maintenance entity and/or entities delegated with the duty to maintain, clean and upkeep the area described above as the dangerous condition located in Defendants' property;

(j)     Failing to properly shovel and or/plow resulting in improper runoff and freeze and re freeze conditions;

(k)     Failing to properly hire and oversee snow and ice removal/maintenance professionals;

(l)     Failure to warn;

(m)     Failing to properly clear the walkways and parking lot of ice and snow, creating man made patches of ice;

(n)     Violating landscaping, snow and ice removal industry standards including ANSI/ASCA Al000-2014 System Requirements for Snow and Ice Management Services (Written Snow Industry Standards, first published in 2011 and based on generally accepted practices of the prior decade);

(o)     Violating § 302.3(c) of the Upper Chichester Property Maintenance Code-Responsibility for Removal of Snow and Ice from Common Parking Lots and Access Road/Driveways to Common Lots. All common parking lots and access road/driveways to common lots are required to be clean of snow and/or ice within 24 hours from the cessation of any fall of snow, sleet, or freezing rain. A path is required to be cleared from access road/driveway to common lots a minimum of six feet to allow emergency vehicle access.Failure to implement a snow inspection and removal plan;

(p)     Violating the International Property Maintenance Code, 2012 edition, including Appendix A, as published by the International Code Council, specifically, **302.3 Sidewalks and driveways.**
All sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

(q)     Failure to maintain an even walking surface;

(r)     Failure to properly pave the parking lot surface;

(s)     Failure to inspect the walking surface for defects.

(a)     Solely as a result of the aforementioned occurrence, sustained injuries to his neck, back, head, arms, legs, as well as to the bones, nerves, ligaments connected thereto. Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

37.     As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

38.     As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Edward Cauley, hereby respectfully requests this Honorable Court to enter judgment against Defendant, CSX Automotive Terminal. jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and such other relief as this Honorable Court may deem just and appropriate.

## COUNT VII - NEGLIGENCE
## PLAINTIFF, EDWARD CAULEY vs. DEFENDANT, JOHN DOE LANDSCAPER

39.     Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

40.     The aforesaid incident was solely and proximately caused by the Defendant, John Doe Landscaper, individually, jointly and/or severally, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following:

(a)     Failing to maintain said property in a safe condition;

(b)     Failing to properly inspect and remedy the unsafe condition with notice, actual or constructive, of its dangerous condition;

(c)     Failing to give proper and adequate notice of the defective and dangerous condition;

(d)     Failing to properly salt and/or take steps to remedy snow and ice conditions;

(e)     Permitting said property to remain in a dangerous state and neglect to the prejudice of Plaintiff;

(f)     Disregarding the rights and safety of those persons lawfully on their premises;

(g)     Failing to implement proper maintenance policies and procedures;

(h)     Failing to properly oversee, inspect and/or supervise the maintenance of the premises;

(i)     Failing to implement an assignment and delegation of employee or maintenance entity and/or entities delegated with the duty to maintain, clean and upkeep the area described above as the dangerous condition located in Defendants' property;

(j)     Failing to properly shovel and or/plow resulting in improper runoff and freeze and re freeze conditions;

(k)     Failing to properly hire and oversee snow and ice removal/maintenance professionals;

(l)     Failure to warn;

(m)     Failing to properly clear the walkways and parking lot of ice and snow, creating man made patches of ice;

(n)     Violating landscaping, snow and ice removal industry standards including ANSI/ASCA Al000-2014 System Requirements for Snow and Ice Management Services (Written Snow Industry Standards, first published in 2011 and based on generally accepted practices of the prior decade);

(o)    Violating § 302.3(c) of the Upper Chichester Property Maintenance Code-Responsibility for Removal of Snow and Ice from Common Parking Lots and Access Road/Driveways to Common Lots. All common parking lots and access road/driveways to common lots are required to be clean of snow and/or ice within 24 hours from the cessation of any fall of snow, sleet, or freezing rain. A path is required to be cleared from access road/driveway to common lots a minimum of six feet to allow emergency vehicle access.Failure to implement a snow inspection and removal plan;

(p)    Violating the International Property Maintenance Code, 2012 edition, including Appendix A, as published by the International Code Council, specifically, **302.3 Sidewalks and driveways.**
All sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

(q)    Failure to maintain an even walking surface;

(r)    Failure to properly pave the parking lot surface;

(s)    Failure to inspect the walking surface for defects.

41.    Solely as a result of the aforementioned occurrence, sustained injuries to his neck, back, head, arms, legs, as well as to the bones, nerves, ligaments connected thereto.  Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

42.    As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

43.    As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of

his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Edward Cauley, hereby respectfully requests this Honorable Court to enter judgment against Defendant, John Doe Landscaper jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and such other relief as this Honorable Court may deem just and appropriate.

<u>**COUNT VIII – LOSS OF CONSORTIUM**</u>
<u>**PLAINTIFF, PATRICIA CAULEY vs. DEFENDANTS**</u>

45.     Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as though the same were set forth at length herein.

46.     By reason of the aforesaid occurrence, Plaintiff, Patricia Cauley has been and will probably in the future be deprived of the assistance, comfort, services, societies and consortium of her spouse, all of which has been and probably will in the future be to her great financial damage and loss.

**WHEREFORE**, Plaintiff, Patricia Cauley, hereby demands judgment in her favor and against Defendants, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with attorney fees, interest and costs, and such other relief as this Honorable Court may deem just and appropriate.

RODDEN RODDEN & BRESLIN

By:     <u>*/s/ Matthew S. Breslin*</u>
        Matthew S. Breslin, Esquire
        Attorney for Plaintiff

Dated:    March 6, 2023

## <u>VERIFICATION</u>

The undersigned, subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities, hereby verifies and states that he/she is a Plaintiff herein, and that the facts set forth in the foregoing document are true and correct to the best of his/her knowledge, information and belief.

_____

EDWARD CAULEY

Dated:  March 6, 2023